UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEALER TIRE, LLC, | ) | Case No.: 1:17 CV 2643 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| GUY BARBANO, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court is Plaintiff Dealer Tire, LLC's ("Plaintiff" or "Dealer Tire") Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery ("Motion") (ECF No. 6). The court held a telephonic conference on the record with counsel for the parties in the within case to discuss the Motion. At issue is Defendant Guy Barbano's ("Barbano") alleged breach of a Preservation and Protection Agreement and a Non-Competition Addendum (collectively, "Employment Agreements") entered into with Plaintiff, as well as his alleged misappropriation of trade secrets. Also at issue are allegations of the use of trade secrets and tortious interference with employment contracts by Defendant Barbano's new employer, Defendant Automated Media, Inc. ("AMI"). For the following reasons, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (ECF No. 6) is denied with respect to the Temporary Restraining Order (TRO) and granted with respect to expedited discovery. The court reserves ruling with respect to the request for a preliminary injunction.

# I. BACKGROUND

Plaintiff manages tire and other light maintenance programs for automobile manufacturers, dealer groups, and independent car dealerships, and also sells tires in furtherance of these programs. Defendant Barbano was an account manager for Plaintiff between 2013 and November 29, 2017. (Mot. 4, 7.) Defendant Barbano indicates that prior to working for Plaintiff, he has worked in the field for thirty-five to forty years. Upon commencing his employment with Plaintiff, Defendant Barbano signed the Employment Agreements. (*Id.* at 4.) Under the Employment Agreements, Defendant Barbano agreed not to solicit clients of Plaintiff from associating with Plaintiff for two years after the termination of his employment with Plaintiff. (Mot., Ex. A at 2.) Defendant Barbano also agreed not to compete with Plaintiff for one year after the termination of his employment with Plaintiff. (Mot., Ex. B at 1-2.) As agreed to in the Employment Agreements, the agreements are governed by Ohio law. Plaintiff alleges that Defendant Barbano received access to trade secrets during his employment with Plaintiff. (Mot. 1.)

Plaintiff alleges that Defendant Barbano breached the Employment Agreements by commencing employment with Defendant AMI. (Mot. 1.) Defendant AMI describes itself as a company which contracts with manufacturers and provides marketing, product information, and tire programming. Defendant AMI indicates that it does not sell tires. Beginning January 2018, Defendant AMI will have an exclusive relationship with MOPAR, the parts, services, and customer care organization of Fiat Chrysler Automobiles, to provide tire programming to MOPAR dealerships. (Mot. 5.) Until January 2018, Dealer Tire has an exclusive relationship with MOPAR. (*Id.*)

Plaintiff claims that Defendant AMI is its direct competitor. However, Defendant Barbano

and Defendant AMI (collectively, "Defendants") claim that the companies are not direct competitors, particularly with respect to Defendant Barbano's role at Defendant AMI. Plaintiff indicates that it has received reports that Defendant Barbano is soliciting its clients on behalf of Defendant AMI. (Mot. 1.) Additionally, Plaintiff alleges that Defendant Barbano may have disclosed Plaintiff's trade secrets for retaining business with Chrysler dealerships. (Mot. 1.)

Plaintiff filed the instant Motion on December 20, 2017. Plaintiff seeks to temporarily restrain and enjoin Defendant Barbano from: being or remaining employed by Defendant AMI; competing with Plaintiff; soliciting clients of Plaintiff; and using or disclosing trade secrets and confidential information belonging to Plaintiff. Plaintiff also seeks to temporarily restrain and enjoin AMI from using or disclosing trade secrets and confidential information belonging to Plaintiff, as well as from tortiously interfering with Plaintiff's contracts with its current and former employees. Finally, Plaintiff seeks to expedite discovery. The court held a teleconference on the record with counsel for all parties on December 22, 2017. Counsel for all parties presented arguments at the teleconference.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. When ruling on a motion for a temporary restraining order or preliminary injunction, a district court must consider and balance four factors: (1) whether the movant has a strong or substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the relief requested; (3) whether granting the relief requested will cause substantial harm to others; and (4) whether the public interest will be served by granting the relief requested. *See Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999);

3

*Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997).

## III. ANALYSIS

### A. Non-Competition and Non-Solicitation Agreements

#### 1. Likelihood of Success on the Merits

The court does not find that there is a strong or substantial likelihood of success on the merits of Plaintiff's claims of breach of the non-competition and non-solicitation agreements. Discussion during the teleconference revealed a significant issue regarding whether Defendant Barbano is engaging with a competing business. It is not clear from the record the extent to which Plaintiff and Defendant AMI are in competition in the current business environment. Information presented by the parties seems to point in both directions. The parties appear to agree that the parties' respective relationships with MOPAR have changed over the years. At one point, MOPAR had a relationship with both Plaintiff and Defendant AMI. Subsequently, Plaintiff had an exclusive relationship with MOPAR. Beginning January 2018, MOPAR will have an exclusive relationship with Defendant AMI. Plaintiff maintains that despite MOPAR's exclusive contract with AMI, it can still compete with Defendant AMI for the dealerships that participate in MOPAR, as well as for independent dealerships.

Defendant AMI represents that Defendant Barbano is not working with any of the dealerships that are not participants in MOPAR. Furthermore, it was revealed at the teleconference that Plaintiff may be prohibited, pursuant to the terms of its contract with MOPAR, from competing for the business of MOPAR participants for a period of ninety days. In addition, counsel for Defendant Barbano indicated that Barbano has thirty-five to forty years of experience working with MOPAR through employers other than Plaintiff, refuting whether Plaintiff has legitimate business interests

at stake. Finally, the record is not clear that Defendant Barbano is soliciting Plaintiff's former clients in a manner which would interfere with the relationships between Plaintiff and such clients given the changing business environment. Overall, this factor weighs in favor of denying the TRO.

### 2. Irreparable Harm

Because the record does not demonstrate that Plaintiff has a clear or substantial likelihood of winning on the merits, it is not clear that Plaintiff will suffer irreparable harm. Consequently, this factor weighs in favor of denying the TRO.

### 3. Substantial Harm to Others

The court finds that the balance of potential harms weighs in favor of denying the TRO. Because it is not yet clear whether Defendant Barbano has breached the Employment Agreements, it has not been established that Plaintiff will suffer substantial harm. The potential harm to Plaintiff is also diminished by Defendants' indications that Defendant Barbano had established relationships with MOPAR and Plaintiff's clients prior to commencing employment with Plaintiff. On the other hand, Defendant Barbano would suffer harm from the loss of employment.

### 4. Public Interest

This court, applying Ohio law, has found that the public interest is served in the enforcement of valid restrictive covenants in lawful contracts. *See Nat'l Interstate Ins. Co. v. Perro*, 934 F. Supp. 883, 891 (N.D. Ohio 1996). However, as discussed above, it is not yet established that there has been a breach of the restrictive covenants at issue here. Accordingly, this factor weights in favor of denying the TRO.

### B. Trade Secrets and Tortious Interference

Plaintiff has not demonstrated that Defendant Barbano has disclosed trade secrets to

5

Defendant AMI. Indeed, Plaintiff only claims that Defendant Barbano "may have" disclosed such secrets. Defendant Barbano denies any such disclosure. Additionally, Plaintiff has not demonstrated tortious interference with its contracts with employees by Defendant AMI for the reasons discussed above.

### C. Expedited Discovery

The court grants Plaintiff's motion for expedited discovery. Expedited discovery will commence after January 2, 2018. The court will hold a hearing regarding the motion for preliminary injunction on February 20, 2018, at 9:00 a.m.

### III. CONCLUSION

The most important factor to consider in granting a TRO, strong or substantial likelihood of success on the merits, does not favor granting a TRO. Additionally, all other factors suggest that the TRO should be denied. The court denies in part, grants in part, and reserves ruling in part on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (ECF No. 6). The Motion is denied with respect to the request for a TRO. The Motion is granted with respect to the request for expedited discovery. Expedited discovery will commence after January 2, 2018. The court reserves ruling on the motion for preliminary injunction and will hold a hearing regarding this matter on February 20, 2018, at 9:00 a.m.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 22, 2017